UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CLARENCE B. FULLER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil Action No. CV-08-S-261-S |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant, Clarence Fuller, commenced this action on February 13, 2008, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying his claim for a period of disability, disability insurance, and supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered his subjective complaints of pain. Upon review of the record, the court concludes that contention is without merit.

To demonstrate that pain renders him disabled, claimant must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards v. Sullivan*, 937 F. 2d 580, 584 (11th Cir. 1991) (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If an ALJ discredits subjective testimony on pain, "[s]he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)).

In the present case, the ALJ detailed the requirements of the Eleventh Circuit's pain standard and factors to consider in evaluating a claimant's credibility.[1] The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but . . . the claimant's statements

---

[1] Tr. at 19-20.

concerning the intensity, persistence and limiting effects of these symptoms are not credible."[2] Specifically, the ALJ found that claimant's testimony about disabling pain and functional limitations was not consistent with the objective medical evidence. This conclusion was supported by substantial evidence.

In summary, the court concludes that the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 26th day of September, 2008.

_____
United States District Judge

---

[2] Tr. at 20.